*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge

Dated: 7/22/2019



# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTOR  **NICOLE LEE REEVES**  Case No.  **19-01811-MH3-13**

SSN XXX-XX- 8698

### ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

### CONFIRMED WITH CHANGES

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtor shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtor shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$310.00** for filing fees.

   To the Court Clerk the sum of **$25.00** for conversion fees.

7. The debtor shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtor retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtor or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

**PART 1:**   **NOTICES**

The confirmed plan  **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

**PART 2: PLAN PAYMENTS AND LENGTH OF PLAN**

**Debtor will make payments to the trustee as follows**:

**$451.00 WEEKLY from ADECCO**

[Plus Balance on Hand from Prior Case]

[PLUS NET PI PROCEEDS]

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

**Plan "base" and income tax refunds:**

Debtors shall pay to the trustee a minimum amount, called a "base," of **N/A**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

**PART 3: TREATMENT OF SECURED CLAIMS**

**3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).**

Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claimholder listed below the obligation to:
- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Current monthly payment (including escrow) | Amount of arrearage | Last month in prepetition arrearage | Monthly payment on arrearage, if any |
|---|---|---|---|---|
| M AND T BANK | $920.35 | | | |

| Debtor | REEVES | Case number | 19-01811-MH3-13 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 4800 CASCADE DRIVE<br>OLD HICKORY, TN  37138 | Prepetition:<br>$7,447.13 | 3/19 | pro rata |
| 4800 CASCADE DRIVE | Gap payments:<br>$3,681.40 | | pro rata |
| | Months in gap:<br>APR 2019-JUL 2019 | | |

As of the submission of this order to the Court, the trustee's records reflect the following filed notice(s) of post-petition fees, expenses, and charges:

| Creditor/Collateral | Amount of asserted fee(s), expense(s), charge(s) | Monthly payment on arrearage, if any |
|---|---|---|
| M AND T BANK<br>POC | $650.00 | pro rata |

**3.2  Valuation of security and claim modification.**

--------------- NONE ---------------

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

--------------- NONE ---------------

**3.4  Lien avoidance.**

The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below are avoided to the extent they impair exemptions. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. For each of the following claims, the lien is avoided except to the extent of any secured claim specified in § 3.2:

| Creditor | Collateral/Lien description |
|---|---|
| WORLD FINANCE CO | XBOX 360 |

**3.5  Surrender of collateral.**

The debtor surrenders to each creditor below the listed collateral. The stay under 11 U.S.C. § 362(a) is terminated as to the collateral only and the stay under § 1301 is terminated in all respects. Any allowed unsecured claim resulting from disposition of surrendered collateral will be treated as an unsecured claim under § 5.1. Unless specified in Part 9 or a separate notice of abandonment, the trustee has not abandoned the estate's interest in the collateral.

| Name of creditor | Collateral |
|---|---|
| INSOLVE AUTO FUNDING | 2014 CHEVROLET SONIC |

# PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)

**4.1  Attorney's fees.**

The balance of fees currently owed to **FLEXER LAW PLLC** is **$4,250.00**. The total fee awarded to the attorney is **$4,250.00** pursuant to Administrative Order 18-1.

Except for any fees retained as a "Success Incentive", the balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **Available funds**.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------NONE----------

**4.3 Other priority claims.**

The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| UNITED STATES TREASURY 2016-2018 TAXES | $2,209.68 |

**PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **-0-** and a minimum dividend of **100.000**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

N/A

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

The debtor will maintain installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The allowed claim for the arrearage amount will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage.

| Debtor | REEVES | Case number | 19-01811-MH3-13 |

| Name of Creditor | Current Monthly Payment |
|---|---|
| ECMC STUDENT LOAN | $150.00 |

**5.4 Separately classified nonpriority unsecured claims.**
--------------- NONE ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.
----------NONE----------

**PART 6:   EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**
--------------- NONE ---------------

**PART 7:   ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE**

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

**PART 8:   VESTING OF PROPERTY OF THE ESTATE**

**8.1 Property of the estate will vest in the debtor upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**


**PART 9:      NONSTANDARD PLAN PROVISIONS**

**Case may be dismissed, without further hearing, upon filing of notice of non-compliance and order dismissing by the trustee.**


**DEBTOR TO BE CURRENT BY 8/31/19 OR CASE DISMISSED WITHOUT FURTHER HEARING UPON FILING OF NOTICE BY TRUSTEE OF PLAN DEFAULT.**




Approved:

/s/FLEXER LAW PLLC
FLEXER LAW PLLC
ATTY FOR THE DEBTOR
1900 CHURCH STREET SUITE 400
NASHVILLE, TN  37203-7203
615-255-2893
cm-ecf@jamesflexerconsumerlaw.com

MARIAN F HARRISON
Bankruptcy Judge

Original 341 Date: **May 7, 2019   8:30 am**
Case no: **19-01811-MH3-13**
Printed:     **07/22/2019          10:51 am**

# EXHIBIT

# SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

\* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

|   | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
|   | US BANKRUPTCY COURT | FILING FEE | 1 |
|   | US BANKRUPTCY COURT | NOTICE FEE | 2 |
|   | US BANKRUPTCY COURT | NOTICE FEE | 2 |
| * | M AND T BANK<br>4800 CASCADE DRIVE | MTG-ON GOING MTG PYMT | 3 |
| * | ECMC<br>STUDENT LOAN | UNSECURED - CONTINUING | 4 |
|   | FLEXER LAW PLLC | ATTORNEY FEE | 5 |
| * | M AND T BANK<br>ARREARS 4800 CASCADE DRIVE | MTG-PRE-PETITION ARREARS | 6 |
| * | M AND T BANK<br>APRIL 2019-JULY 2019 | MTG-GAP PYMTS (POST PET/PRE CONF) | 6 |
| * | M AND T BANK<br>POC | MTG-FEES, COSTS & EXPENSES | 6 |
| * | UNITED STATES TREASURY<br>2016-2018 TAXES | PRIORITY CREDITOR | 7 |
| ! | FLEXER LAW PLLC | ATTY SUCCESS INCENTIVE/PRIOR ATTY | 8 |
|   | ADVANCE AMERICA | UNSECURED CREDITOR | 9 |
|   | ADVANCE FINANCIAL | UNSECURED CREDITOR | 9 |
|   | ANESTHESIA SERVICES OF WILSON | UNSECURED CREDITOR | 9 |
|   | BANK OF AMERICA NA | UNSECURED CREDITOR | 9 |
|   | CAPITAL ONE AUTO FINANCE | UNSECURED CREDITOR | 9 |
| * | CASH EXPRESS LLC | UNSECURED CREDITOR | 9 |
|   | CENTENNIAL HEART AT SUMMIT | UNSECURED CREDITOR | 9 |
|   | COMCAST | UNSECURED CREDITOR | 9 |

| Debtor | REEVES | | Case number | 19-01811-MH3-13 |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| | COMCAST NASHVILLE | UNSECURED CREDITOR | 9 |
| | CUMBERLAND EMERGENCY PHYSICIAN | UNSECURED CREDITOR | 9 |
| | CUMBERLAND EMERGENCY PHYSICIAN | UNSECURED CREDITOR | 9 |
| | DR JEFFREY A MATTHEWS | UNSECURED CREDITOR | 9 |
| | HUDGINS DISPOSAL | UNSECURED CREDITOR | 9 |
| | MIDLAND CREDIT MANAGEMENT | UNSECURED CREDITOR | 9 |
| | NANCY BARRETT MD | UNSECURED CREDITOR | 9 |
| | NASHVILLE ADJUSTMENT BUREAU | UNSECURED CREDITOR | 9 |
| | PARAGON REVENUE GROUP | UNSECURED CREDITOR | 9 |
| | QUANTUM3 GROUP LLC | UNSECURED CREDITOR | 9 |
| | RADIOLOGY ALLIANCE PC | UNSECURED CREDITOR | 9 |
| * | RESURGENT CAPITAL SERVICES SUMMIT MEDICAL CENTER | UNSECURED CREDITOR | 9 |
| * | RESURGENT CAPITAL SERVICES TWO RIVERS EMERGENCY PHYSICIANS ASHLEY FUNDING SERVICES | UNSECURED CREDITOR | 9 |
| | SPRING HILL FUNERAL HOME | UNSECURED CREDITOR | 9 |
| * | SUMMIT MEDICAL CENTER | UNSECURED CREDITOR | 9 |
| * | SUMMIT MEDICAL CENTER | UNSECURED CREDITOR | 9 |
| | TENNESSEE QUICK CASH | UNSECURED CREDITOR | 9 |
| | TENNOVA HEALTHCARE LEBANON | UNSECURED CREDITOR | 9 |
| * | UNITED STATES TREASURY TAXES | UNSECURED CREDITOR | 9 |
| | UNIVERSITY ANESTHESIA ASSOCIAT | UNSECURED CREDITOR | 9 |
| | VERIZON | UNSECURED CREDITOR | 9 |
| | VERIZON WIRELESS | UNSECURED CREDITOR | 9 |
| * | WORLD FINANCE CO | UNSECURED CREDITOR | 9 |
| | WORLD FINANCE CO VOID LIEN XBOX 360 | UNSECURED CREDITOR | 9 |
| | 1305 CLAIM | UNSECURED - 1305 | 10 |

Chapter 13 Plan                     Page 8 of 8

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:19-bk-01811    Doc 58    Filed 07/22/19    Entered 07/22/19 15:02:44    Desc Main
Document    Page 8 of 8